IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,799-03






EX PARTE CLEVE FOSTER









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN
CAUSE NO. C-1-009424-0839040-C

IN THE CRIMINAL DISTRICT COURT NUMBER ONE

TARRANT COUNTY




 Per Curiam. Price, J., filed a dissenting statement in which Womack, J.,
joined. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In February 2004, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Foster v. State, No. AP-74,901 (Tex. Crim. App. Apr. 12, 2006)(not designated for publication). 

 In November 2005, applicant filed in the trial court his initial post-conviction
application for writ of habeas corpus. This Court denied applicant relief. Ex parte Foster,
No. WR-65,799-01 (Tex. Crim. App. Mar. 21, 2007)(not designated for publication). 
Applicant filed his first subsequent application in the trial court on December 22, 2010. This
Court dismissed that application on December 30, 2010. Ex parte Foster, No. WR-65,799-02 (Tex. Crim. App. Dec. 30, 2010)(not designated for publication). Applicant filed this his
second subsequent application in the trial court on September 2, 2011.

 In this application, applicant asserts that his trial counsel were ineffective; that no
reasonable juror would have found him guilty of capital murder when the evidence
discovered post conviction is considered in combination with the evidence presented against
him at trial; and that his initial state habeas counsel was ineffective in failing to raise these
issues in applicant's initial habeas application. We have reviewed the application and find
that applicant's allegations fail to satisfy the requirements of Article 11.071 § 5. 
Accordingly, we dismiss the application as an abuse of the writ without considering the
merits of the claims. Applicant's motion for stay of execution is denied.

 IT IS SO ORDERED THIS THE 12TH DAY OF SEPTEMBER, 2011.

Do not publish